The opinion of the Court was delivered by
Glovek. J.
The defendant was convicted of grand larceny. The indictment alleges that the goods are the property of Joshua Owens, whereas, the proof is, that Joshua, Judith, and Michael Owens, are joint owners.
The defendant moves in arrest of judgment: “ Because the indictment sets forth, that the bacon charged to have been stolen was the proper goods and chattels of one Joshua Owens; when, according to the proof, it was the joint property of Joshua Owens, Michael Owens, and Judith Owens.”
She also moves for a new trial, “ Because the evidence was not sufficient in law to authorize a conviction.”
The names of the joint owners of goods stolen, if known, should be correctly averred in the indictment, and the evidence must support the averment. (State vs. Ryan and Long, 4 McC. *170 16; State vs. Dwyre, 2 Hill, 287; State vs. Risher, 1 Rich. 219.)
Arcbbold’s Crim. PI. 33, 177, referred to by tbe solicitor, does not sustain bis position, Tbe English practice was tbe same as that wbicb bas been adopted in South Carolina, until it was modified by Statute. (7 G-. 4, c. 64, s. 14.)
Tbe proof in this case is, that Joshua Owens was jointly interested with two others, and therefore, contradicts tbe averment of ownership as alleged in tbe indictment, and is a good reason why tbe defendant should have been acquitted; but it is not a ground for arresting tbe execution of tbe judgment. (State vs. Ryan & Long, and State vs. Dwyre.)
This want of agreement between tbe allegation and proof of tbe ownership of goods sustains tbe motion for a new trial, wbicb is, therefore, granted; and as tbe defendant isHn custody, it is ordered, that she be released from confinement upon entering into recognizance in tbe sum of three hundred dollars, with two sureties in tbe sum of one hundred and fifty dollars each, before tbe clerk of tbe Court of Anderson district.
Motion granted.
O’Neall, Wardlaw, Withers, Whither and Muhro, JJ., concurred.

Motion granted.